<table>
<tr><td></td><td></td></tr>
</table>

1

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

3

4   HENRY MOSES MITCHELL,
    aka HENRY C. HAYES,

5              Plaintiff,

6         v.

7   PENNINGTON, et al.,

8              Defendants.

9

Case No. 21-cv-06247-WHO (PR)

**ORDER OF SERVICE;**

**ORDER DIRECTING
DEFENDANTS TO FILE A
DISPOSITIVE MOTION OR
NOTICE REGARDING SUCH
MOTION;**

**INSTRUCTIONS TO CLERK**

10

11

**INTRODUCTION**

12      Plaintiff Henry Moses Mitchell, Jr. (aka Henry C. Hayes) alleges that his jailors

13   interfered with his First Amendment right of the free exercise of religion by denying him

14   religious textbooks that he ordered.  His 42 U.S.C. § 1983 complaint containing these

15   allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

16      Mitchell has stated First Amendment claims against Pelican Bay State Prison

17   Officers Pennington and Pearcey.  All other claims and defendants are dismissed.

18   Defendants shall file in response to the operative complaint either a dispositive motion, or

19   a notice regarding such motion, on or before **May 23, 2022**.

20                          **STANDARD OF REVIEW**

21      A federal court must conduct a preliminary screening in any case in which a

22   prisoner seeks redress from a governmental entity or officer or employee of a

23   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

24   cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

25   upon which relief may be granted or seek monetary relief from a defendant who is immune

26   from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.

27   *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

28

United States District Court
Northern District of California

1  A "complaint must contain sufficient factual matter, accepted as true, to 'state a

2  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

3  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

4  plausibility when the plaintiff pleads factual content that allows the court to draw the

5  reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

6  *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal

7  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

8  be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

9  (9th Cir. 1994).

10  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

11  elements:  (1) that a right secured by the Constitution or laws of the United States was

12  violated, and (2) that the alleged violation was committed by a person acting under the

13  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

15  Mitchell alleges that in January 2021 Pelican Bay Officers Pennington and Pearcey

16  violated his First Amendment right to the free exercise of religion by denying him

17  religious textbooks he ordered.  (Compl., Dkt. No. 1 at 3-4.)  When liberally construed,

18  Mitchell has stated claims against Pennington and Pearcey under the First Amendment for

19  interfering in his free exercise of religion.

## CONCLUSION

21  For the foregoing reasons, the Court orders as follows:

22  1.  The complaint (Dkt. No. 1), when liberally construed, states cognizable

23  claims against Officers Pennington and Pearcey, who are employed at Pelican Bay State

24  Prison.

25  2.  The following defendants, both of whom apparently work at Pelican Bay

26  State Prison, shall be served:  Officers Pennington and Pearcey.

27  Service on these defendants shall proceed under the California Department of

28  Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from

1    prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve

2    on CDCR via email the following documents:  the operative complaint (Docket No. 1), this

3    order; a CDCR Report of E-Service Waiver form; and a summons.  The Clerk also shall

4    serve a copy of this order on the plaintiff.

5        3.    No later than 40 days after service of this order via email on CDCR, CDCR

6    shall provide the court a completed CDCR Report of E-Service Waiver advising the court

7    which defendant(s) listed in this order will be waiving service of process without the need

8    for service by the United States Marshal Service (USMS) and which defendant(s) decline

9    to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR

10   Report of E-Service Waiver to the California Attorney General's Office which, within 21

11   days, shall file with the court a waiver of service of process for the defendant(s) who are

12   waiving service.

13       4.    Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall

14   prepare for each defendant who has not waived service according to the CDCR Report of

15   E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed

16   USM-205 forms and copies of this order, the summons and the operative complaint for

17   service upon each defendant who has not waived service.

18       5.    On or before **May 23, 2022**, defendants shall file a motion for summary

19   judgment or other dispositive motion with respect to the claim(s) in the complaint found to

20   be cognizable above.

21           a.    If defendants elect to file a motion to dismiss on the grounds plaintiff

22   failed to exhaust his available administrative remedies as required by 42 U.S.C.

23   § 1997e(a), defendants shall do so in a motion for summary judgment, as required by

24   *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

25           b.    Any motion for summary judgment shall be supported by adequate

26   factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

27   Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

28   qualified immunity found, if material facts are in dispute.  If any defendant is of the

*United States District Court*
*Northern District of California*

3

1    opinion that this case cannot be resolved by summary judgment, he shall so inform the

2    Court prior to the date the summary judgment motion is due.

3          6.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

4    and served on defendants no later than forty-five (45) days from the date defendants'

5    motion is filed.

6          7.      Defendants shall file a reply brief no later than fifteen (15) days after

7    plaintiff's opposition is filed.

8          8.      The motion shall be deemed submitted as of the date the reply brief is due.

9    No hearing will be held on the motion unless the Court so orders at a later date.

10         9.      All communications by the plaintiff with the Court must be served on

11   defendants, or defendants' counsel once counsel has been designated, by mailing a true

12   copy of the document to defendants or defendants' counsel.

13         10.     Discovery may be taken in accordance with the Federal Rules of Civil

14   Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

15   Rule 16-1 is required before the parties may conduct discovery.

16         Plaintiff is reminded that state prisoners may review all non-confidential material in

17   their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

18   1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations

19   Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.

20   Requests to review these files or for copies of materials in them must be made directly to

21   prison officials, not to the court.

22         Plaintiff may also use any applicable jail procedures to request copies of (or the

23   opportunity to review) any reports, medical records, or other records maintained by jail

24   officials that are relevant to the claims found cognizable in this order.  Such requests must

25   be made directly to jail officials, not to the court.

26         11.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

27   Court informed of any change of address and must comply with the Court's orders in a

28   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

United States District Court
Northern District of California

4

United States District Court
Northern District of California

1    prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2         12.    Extensions of time must be filed no later than the deadline sought to be

3    extended and must be accompanied by a showing of good cause.

4         13.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be

5    given "notice of what is required of them in order to oppose" summary judgment motions

6    at the time of filing of the motions, rather than when the court orders service of process or

7    otherwise before the motions are filed.  *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir.

8    2012).  Defendants shall provide the following notice to plaintiff when he files and serves

9    any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they
> seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
> case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary
> judgment.  Generally, summary judgment must be granted when there is no
> genuine issue of material fact — that is, if there is no real dispute about any
> fact that would affect the result of your case, the party who asked for
> summary judgment is entitled to judgment as a matter of law, which will end
> your case.  When a party you are suing makes a motion for summary
> judgment that is properly supported by declarations (or other sworn
> testimony), you cannot simply rely on what your complaint says.  Instead,
> you must set out specific facts in declarations, depositions, answers to
> interrogatories, or authenticated documents, as provided in Rule 56(e), that
> contradict the facts shown in the defendants' declarations and documents and
> show that there is a genuine issue of material fact for trial.  If you do not
> submit your own evidence in opposition, summary judgment, if appropriate,
> may be entered against you.  If summary judgment is granted, your case will
> be dismissed and there will be no trial.

23   *Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

24        **IT IS SO ORDERED.**

25        **Dated:**  January 4, 2022



WILLIAM H. ORRICK
United States District Judge

28